1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

NOV 1 7 2003

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                    D_   'C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MONETTE GOSCINIAK,

        Plaintiff,

   v.

COUNTY OF SACRAMENTO, et. al.,

        Defendants.

NO. CIV. S-01-0174 WBS PAN

ORDER RE: COSTS

----oo0oo----

      On August 25, 2003, the jury returned a verdict in favor of the plaintiff on plaintiff's claim for negligence under California state law.  Plaintiff has submitted a cost bill totaling $11019.74.[1]  Defendant objects to: (1) deposition transcript costs associated with Richard Alan Brown, Monte Endicott, Floyd Woods, Kevin Lewis and Dan

_____

    [1]    This amount reflects plaintiff's statement in her "Response to Defendants' Objections to Plaintiff's Bill of Costs" that she is withdrawing her request for all costs associated with expert witnesses Dr. John Chase and LaVaughan Breakfield, but for $40 per day for the three days the expert witnesses appeared in court.  Therefore plaintiff cost bill is reduced by $3080.00 and the court will not address the substance of defendants' objection to those expert witness fees.

1

156

1  Drummond in the amount of $741.80; (2) partial trial

2  transcripts costs in the amount of $1495.41; (3) witness fees

3  associated with Jean Ann McCoy in the amount of $76.50; (4)

4  document production cost in the amount of $517.06; and (5)

5  service of process/summons costs  associated with Robert

6  Craft, County of Sacramento, Lawrence Craft, Arco Arena,

7  Maloff Sports & Ent., Kings Arco Arena and Dr. Vizzard in the

8  amount of $536.76.

9        Federal Rule of Civil Procedure 54(d)(1) and Local

10  Rule 54-292(f) govern the taxation of costs to losing

11  parties, subject to limits set under 28 U.S.C. § 1920.  See

12  28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P.

13  54(d)(1) ("costs other than attorneys' fees shall be allowed

14  as of course to the prevailing party unless the court

15  otherwise directs . . . ."); L.R. 54-292(f); Crawford Fitting

16  Co. v. J.T. Gibbons, 482 U.S. 437, 441 (1987) (limiting

17  taxable costs to those enumerated in 28 U.S.C. § 1920).  The

18  district court has discretion to determine what constitutes a

19  taxable cost within the meaning of § 1920.  Amarel v.

20  Connell, 102 F.3d 1494, 1523 (9th Cir. 1997); Alflex Corp. v.

21  Underwriters' Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990).

22  The losing party has the burden of overcoming the presumption

23  in favor of awarding costs to the prevailing party.  See

24  Russian River Watershed Protection Comm. v. City of Santa

25  Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998); Amarel, 102 F.3d

26  at 1523.

27  I.   Deposition Transcript Costs

28        Plaintiff claims $741.80 for deposition costs

2

1 associated with Richard Brown, Monte Endicott, Floyd Woods,

2 Kevin Lewis and Dan Drummond.  Defendants object to the

3 deposition costs claiming that deponents were never called as

4 witnesses and that the transcripts were not necessary for use

5 in the case.

6        A.   Depositions of Brown, Endicott and Woods

7        "[O]btaining copies of depositions taken by the

8 opposing party may be considered necessary in certain

9 instances." Alfex, 914 F.2d at 177 (citing Indep. Iron Works,

10 Inc. v. United States Steel Corp., 322 F.2d 656, 678-79 (9th

11 Cir. 1963)).  Plaintiff argues the depositions were noticed

12 by defendants and "plaintiff simply attended those

13 depositions and ordered copies of the transcripts."

14 Plaintiff's counsel being present during these depositions,

15 gave plaintiff adequate opportunity to assess whether and how

16 the depositions might be used by defendants.  Accordingly,

17 the cost for copies of these depositions totaling $149.80

18 will be disallowed.

19        B.   Depositions of Lewis and Drummond

20        A deposition "need not be absolutely indispensable

21 to justify an award of costs" but rather "must only be

22 reasonably necessary at the time it was taken, without regard

23 to later developments that may eventually render the

24 deposition unneeded at the time of trial or summary

25 disposition." Frederick v. City of Portland, 162 F.R.D. 139,

26 143 (D. Or. 1995) (citing Barber v. Ruth, 7 F.3d 636, 645

27 (7th Cir. 1993)).

28        In support of her cost bill, plaintiff provides a

3

1 description of each deposition-related cost item.  Each

2 deponent appears to be either on the defendants' list of

3 witness or a potentially relevant witness.  Defendants'

4 objections are insufficient to overcome the presumption that

5 the depositions were reasonably necessary at the time they

6 were taken and that these costs are properly reimbursable.

7 Accordingly, the court allows these court reporter costs.

8 However, plaintiff's calculation includes unnecessary fees.

9 First, the court does not allow condensed copies because they

10 are for the convenience of counsel and are not necessary for

11 the case.  Second, the court disallows charges for postage

12 and handling.  Finally, the court disallows Mr. Chase's

13 deposition cancellation fee added to Mr. Lewis's invoice.

14       Accordingly, the court subtracts $50.00 for

15 condensed copies, $30.00 for postage and handling and $75.00

16 for deposition cancellation fee from $592.00 and allows

17 $437.00 for these depositions.

18 II.  <u>Partial Trial Transcript Costs</u>

19       Plaintiff claims $1495.41 for costs associated with

20 partial trial transcripts.  Defendants object to the costs on

21 the ground that plaintiff did not meet her burden of proof

22 that the transcripts were necessarily obtained.

23       "Regardless of whether taxation is sought for the

24 entire transcript or merely a portion, costs may be denied if

25 the transcript was not 'necessarily obtained for use in the

26 case'."  10 James WM. Moore et al., <u>Moore's Federal Practice</u>

27 § 54.103(3)(e) (3d ed. 2003).

28       In support of her cost bill, plaintiff claims that

4

1  she used the transcripts from the first trial for examination

2  and impeachment of defense witnesses.  The second trial

3  transcripts were used in the closing argument.  In light of

4  these facts, the court finds that the transcripts served a

5  valuable purpose for plaintiff's case.  Accordingly, the

6  costs of the partial trial transcripts will be allowed.

7  III. <u>Witness Fees</u>

8       Plaintiff claims $76.50 for witness fees associated

9  with JeanAnn McCoy.  Defendants object to the cost on the

10 grounds that McCoy never testified as a witness.

11      "Ordinarily, no fee may be taxed for someone who

12 comes to the courthouse but does not testify at the trial,

13 the presumption being that the person was not a necessary

14 witness." 10 Charles Alan Wright & Arthur R. Miller, <u>Federal</u>

15 <u>Practice & Procedure</u> § 2678 (3d ed. 1998).  The presumption

16 of no fee taxation for someone who comes to the court and

17 does not testify at the trial can be overcome if it appears

18 that a court order or some other extrinsic circumstance

19 rendered that testimony unnecessary.  <u>Id</u>.  For example,

20 "[the] presumption is rebutted if, because of concessions or

21 admission, such testimony becomes unnecessary and fees as to

22 such witness are allowed".  <u>Barkhorn v. Adlib Assoc.</u>, 225 F.

23 Supp. 474, 475 (D. Haw. 1964).

24      The court is persuaded by plaintiff's contention

25 that defendants' elicited testimony from another witness

26 rendered Ms. McCoy's testimony unnecessary.  Plaintiff had no

27 way of knowing prior to trial that defendants would elicit

28 testimony, from another witness, on the same topic that Ms.

1  McCoy was supposed to testify about.  Additionally, not

2  calling Ms. McCoy to testify avoided consuming further time

3  therefore minimizing delay, inconvenience and unnecessary

4  trial expense.  Accordingly, Ms. McCoy's witness fees will be

5  allowed.

6  IV.   Document Production/Copies Costs

7          Plaintiff claims $1601.68 for copying costs.

8  Defendants object to $517.06 of these costs, claiming that

9  the plaintiff failed to show sufficient proof that the

10  charges were necessarily incurred in this action.  In

11  response to defendants' objection, plaintiff replied with

12  citations of various court decisions where copying costs were

13  allowed.

14          However, as in the decisions cited by plaintiff,

15  the court's decision to allow taxation of copying costs is

16  based on plaintiff's production of sufficient facts showing

17  that the copies were necessarily obtained for use in the

18  case.  Here, plaintiff has failed to disclose what was copied

19  and how those copies were necessarily used.  Absent such

20  showing and after reviewing the invoices attached to the cost

21  bill, the court is unable to determine if the copies were

22  made for trial exhibits or for the mere convenience of

23  plaintiff's counsel.  Therefore, the copying costs of $517.06

24  will be disallowed.

25  V.   Service of Process/Summons Costs

26          Plaintiff claims $499.00 for service fees of

27  summons and subpoena.  Defendants object claiming that: (1)

28  plaintiff could have reduced the cost of service by serving

6

1  multiple defendants, residing at the same place, at the same

2  time, and (2) service of Lawrence Craft is inappropriate

3  since he was not a party to the suit.

4          As to defendants first objection, the court is not

5  aware of reduced service fees for serving multiple defendants

6  residing at the same location.  The court finds further that

7  plaintiff's service fees are properly validated with itemized

8  receipts.  In response to defendants' second objection,

9  plaintiff contends, and this court agrees, that Lawrence

10 Craft was a party to this suit before he was voluntarily

11 dismissed. Therefore, the service fees will be allowed.

12 VI.   Postage and Handling

13     The court reporter bills contain $168.75 in costs for

14 shipping, postage and handling.  These costs will be

15 disallowed.

16 VII. Summary

17          After reviewing the bill, the court finds all other

18 costs to be reasonable.  In sum, the court allows:

19

| | | |
|---|---|---|
| Fees of the Clerk | $ | 150.00 |
| Fees of Service of Summons & Subpoena | | 499.00 |
| Fees of the Court Reporter | | 6733.01 |
| Fees for Witnesses | | 386.28 |
| Fees for Exemplification and Copies | | 1271.84 |
| Other Itemized Costs | | 989.00 |
| | | ---------------- |
| **Total:** | $ | **10,029.13** |

24          IT IS SO ORDERED,

25 DATED: November 14, 2003

27 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

United States District Court
for the
Eastern District of California
November 17, 2003


\* \* CERTIFICATE OF SERVICE \* \*


2:01-cv-00174


Gosciniak

    v.

County of Sacramento

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  November 17, 2003, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


    Michael Joseph Haddad           SH/WBS
    Haddad and Sherwin
    1300 Clay Street
    Suite 600
    Oakland, CA  94612

    Adrian L Randolph
    Randolph Cregger and Chalfant
    1030 G Street
    Sacramento, CA  95814


                            Jack L. Wagner, Clerk

                BY:  _L. Ymena Sanchez_
                    Deputy Clerk